## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **TINA MOORE,** | : | |
| **Plaintiffs,** | : | **CIVIL CASE NO.:** 2:22-cv-01961 |
| | : | |
| **v.** | : | **JUDGE:** |
| | : | |
| **NATIONWIDE CHILDREN'S** | : | **MAGISTRATE JUDGE:** |
| **HOSPITAL,** | : | |
| **Defendants.** | : | |

## NOTICE OF REMOVAL

Without waiving any defenses, Defendant, Nationwide Children's Hospital (hereinafter "Children's Hospital"), by and through its undersigned counsel, hereby remove this civil action pending in the Franklin County Court of Common Pleas, with case number 22-CV-002322 ("State Court Action"), to the United States District Court for the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1367, and 1446, and in accordance with 28 U.S.C. § 1441. Notice of Removal is being filed contemporaneously in state court and served on all parties. In support of this Notice, Children's Hospital states:

### BACKGROUND

1. Children's Hospital is the lone defendant in a civil action arising under federal and state law in the Franklin County, Ohio Court of Common Pleas, Case No. 22-CV-002322. Plaintiff Tina Moore, filed her Complaint on April 12, 2022 (copy attached as **Exhibit A**). Children's Hospital has not been served. This notice is timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a) because Children's Hospital filed it within 30 days of service.

2.      This action arises from Children's Hospital's efforts to combat the COVID-19 pandemic—and to comply with vaccination requirements imposed upon it by federal law— through its COVID-19 vaccination policy, which Plaintiff describes as an "experimental inoculation." (Compl. ¶ 1.) Plaintiff does not identify her precise affiliation with Children's Hospital in her complaint, but Plaintiff would appear to be subject to Children's Hospital vaccination policy. (*Id*.) According to Plaintiff, Children's Hospital has threatened termination from her employment if she refuses to "submit to the 'vaccination.'" (*Id*. ¶ 11.)

**THIS CASE IS REMOVABLE UNDER FEDERAL QUESTION JURISDICTION**

3.      Removal is proper under 28 U.S.C. § 1441 because this action arises under federal law. Under that removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction [ ] may be removed by the defendant." 28 U.S.C. § 1441(a). To determine whether it has original jurisdiction over this action, this Court must consider "the well-pleaded allegations of the complaint." *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 357 (6th Cir. 2015) (internal quotation marks and citation omitted). "[F]ederal question jurisdiction exists when the plaintiff's 'statement of his own cause of action shows that it is based upon [federal law].'" *Id.* at 358 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (alterations in original)).

4.      Plaintiffs' Complaint leaves no doubt that this Court has original jurisdiction. The Complaint seeks injunctive relief, on the basis of disparate treatment which Plaintiff alleges violates "Federal law 2 USC Sec 1311 Rights and Protections under title VII of Civil Rights Act of 1964." (*Id.* ¶ 6.) Plaintiff further alleges discrimination "based on an employee exercising her rights under federal law." (*Id.* ¶ 10.)

5.      This Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' remaining state law claims because "they form part of the same case or controversy" as

Plaintiff's Title VII claims. Plaintiff's state law claims under O.R.C § 4112.02 arise from Plaintiff's alleged disparate treatment with respect to Children's Hospital vaccination policy—the same basis as Plaintiff's Title VII claims. Accordingly, the Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6.      A copy of the state court's scheduling order is attached as **Exhibit B**.  A copy of the complete docket in the State Court Action is attached as **Exhibit C**.

7.      Promptly after the filing of this Notice, Children's Hospital will serve written notice of this removal to Plaintiff through his counsel and will file a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of Franklin County, Ohio.

**CONCLUSION**

For these reasons, Children's Hospital removes this action from the Franklin County, Ohio Court of Common Pleas.

Respectfully submitted,

*/s/ Daniel J. Clark*
Daniel J. Clark (0075125)
Daniel E. Shuey (0085398)
Charles E. Cohen (0101314)
VORYS SATER SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH  43215
Tel. (614) 464-6436
Fax. (513) 381-0205
djclark@vorys.com

*Counsel for Defendant's Nationwide Children's Hospital and Nationwide Children's Hospital, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above was filed electronically on April 14, 2022.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  A copy will also be served by electronic mail to the following:

Don H. Chapin, Esq.
8558 Morris Rd.
Hilliard, OH 43026
Tel. 614-790-0060
Donc0725@gmail.com

/s/ Daniel J. Clark
Daniel J. Clark (0075125)

# EXHIBIT A

URGENT

# IN THE COURT OF COMMON PLEAS
# FRANKLIN COUNTY, OHIO

**TINA MOORE**
Plaintiff

) CASE NO.

Attorney
Don H. Chapin, Esq.
8558 Morris Rd.
Hilliard, OH 43026
614.790.0060
Donc0725@gmail.com

)    Judge _____

)
) COMPLAINT FOR
) A TEMPORARY INJUNCTION
) PENDING COMPLETION OF EQUAL
)EMPLOYMENT OPPORTUNITY
)COMMISSION INVESTIGATION

     **vs**

**NATIONWIDE CHILDREN'S
HOSPITAL**

)
)
)
)

    **Defendants**
Attorney
Daniel J. Clark, Esq.
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43215
614.464.6436
djclark@vorys.com

Plaintiff's Complaint and Brief follows in this order:

    **A.**    SUMMARY OF COMPLAINT AND ISSUE BEFORE THE COURT

    **B.**    JURISDICTION OF THIS COURT

    **C.**    STATEMENT OF FACTS

    **D.**    LAW ON TEMPORARY INJUNCTIONS

    **E.**    PLAINTIFF'S PRAYER FOR THE TEMPORARY INJUNCTION, COURT COSTS AND ATTORNEYS FEES.

**A. SUMMARY OF COMPLAINT AND ISSUE BEFORE THE COURT:**

1. Plaintiff is asking this Court grant a temporary injunction to prevent Defendant from causing irreparable harm by either forcing the Plaintiff to submit to an experimental inoculation, called 'vaccination' by the Defendant, or be dismissed from her position which the plaintiff has performed for over 26 years with outstanding performance evaluations. The Plaintiff has filed a complaint with the EEOC for discrimination (Exhibit A) due to the Defendant treating the Plaintiff differently than other employees in the same position. The Plaintiff's chance of success with the EEOC is very high. We are asking the Court to prevent the Defendant from taking any action causing negative results for the Plaintiff until the EEOC decision is rendered. The issue presented before this Court is: **whether the Court will stay any further action by the Defendant until the Plaintiff's**

petition to the EEOC can be decided. The Plaintiff's request for religious exemption/accommodation was lawful and was identical to what other employees in the same position as the Plaintiff, have done and their exemption requests were approved. There will be irreparable harm to the Plaintiff if the Defendant is allowed to terminate her employment before the EEOC investigation has been completed. The Court's granting this temporary injunction would be supportive of good public policy which would be to encourage non-discriminatory actions by employers.

**B.      JURISDICTION OF THIS COURT**

1. This is a civil action for injunctive relief arising under Section 1 & 7 of Article I, of the Ohio Constitution (plaintiff has a right to enjoy her God-given faculties)( indefeasible right to worship Almighty God according to your own conscience), ORC 2727.03 (court is authorized to grant injunctions), ORC 2727.02 (causes for an injunction) and ORC 2721.12 (all relevant parties are joined).

2. The Defendant requires that all employees receive the 'vaccination'. However, the Defendant is treating employees in a discriminatory manner by allowing some religious exemptions or accommodations while at the same time denying the Plaintiff's request for religious exemption status, thus treating employees in the same position, in a discriminatory manner.

3. The Plaintiff has filed a petition with the Equal Employment Opportunity Commission (EEOC) (Exhibit A) claiming a violation of discrimination. We want

this Court to stay any action from Defendant with respect to the Plaintiff's continued employment status, pending the decision of the EEOC.

4. The Plaintiff is a resident of Franklin County, Ohio.

5. The Defendant, Nationwide Children's Hospital, operates a hospital and provides medical services within Franklin County, Ohio.

## C. STATEMENT OF FACTS

6. The Defendant's disparate treatment of employees similarly employed is discrimination. Such behavior violates the Federal law 2 USC Sec 1311 Rights and Protections under title VII of Civil Rights Act of 1964.

7. The Defendant's discriminatory actions violate *ORC 4112.02 Unlawful Discrimination Practices* (unlawful to discriminate against anyone based on sex or religion and unlawful for any employer to elicit or attempt to elicit information concerning sex or religion)

8. The Defendant has threatened to discharge the Plaintiff if she does not surrender to receiving the covid-19 "vaccination" by April 15, 2022. This is illegal intimidation of their employee and discriminates illegally due to different treatment of employees in the same position.

9. The "vaccination" injection is an EUA drug under the Federal Food and Drug Administration (FDA) and as such any administrator of this drug must comply with *21 USC Sec 360bbb-3 Authorization for Medical Products for Use in Emergencies,* wherein, under section 360bbb-3(e)(2)(A), the individual being

asked to receive such EAU drug has the right to be informed of all the risks and benefits and has the right to refuse to receive the drug.

10.     The Defendant cannot discriminate based on an employee exercising her rights under Federal law. The employee properly and timely submitted an application for a religious exemption which was not accepted until the Plaintiff would further explain the details, character and principles of her deeply held religious belief. Furthermore, the Defendant asked inappropriate and discriminatory questions concerning the Plaintiff's past activities with respect to her religious beliefs. This request of the defendant violates ORC 4112.02 E (1) and Article 1 Section 7 of the Ohio Constitution.

11.     The Defendant then coerced the Plaintiff by threatening to terminate her employment if she did not submit to the "vaccination" before April 15, 2022. This is an unlawful and discriminatory action by the Defendant and is subject to the EEOC investigation. This violates Article 1 Section 1 and 7 of the Ohio Constitution.

12. The Defendant filed a petition claiming discrimination by the Defendant with the EEOC on April 6, 2022.

## D :    LAW ON TEMPORARY INJUNCTIONS

13. ORC 2727.02 states: " *A temporary order may be granted restraining an act when it appears by the petition, that the plaintiff is entitled to the relief demanded, and such relief, or any part of it, consists in restraining the*

> commission or continuance of such an act, the commission or continuance of
> which, during the litigation, would produce great or irreparable injury to the
> plaintiff, or when, during the litigation, it appears that the defendant is doing,
> threatens or is about to do, or is procuring or permitting to be done, such act
> in violation of the plaintiff's rights respecting the subject of the action and
> tending to tender the judgment ineffectual."

14. In the case at hand, the Plaintiff has exercised her individual right to refuse the experimental medical treatment and has followed protocol to submit for a religious exemption.

15. The Defendant has clearly discriminated against the plaintiff and has already threatened to discharge her on April 15, 2022. The termination of the employment of the Plaintiff would irreparably harm the plaintiff.

16. The plaintiff has taken lawful action by submitting a petition to the EEOC.

17. The plaintiff has no other immediate forms of remedy and the EEOC must have time to properly investigate and decide on the plaintiff's petition of discrimination.

18. The Defendant nor any other third party will be harmed by delaying the Defendant's threatened action until the EEOC decision is finalized.

19. The public interest will be served by allowing the EEOC to have time to investigate whether or not there has been actionable discrimination by the Defendant.

## E. PLAINTIFF'S PRAYER FOR THE TEMPORARY INJUNCTION, COURT COSTS AND ATTORNEYS FEES.

20. Plaintiff prays for this Court to grant a temporary injunction to stay and prevent any further action by the Defendant with respect to the Plaintiff's employment status until after the conclusion of the EEOC investigation into defendant's discrimination claim.

21. Plaintiff prays this Court will allow court costs and attorney's fees to be paid by the Defendant.

Respectfully Submitted,

Don H. Chapin, Esq. (Ohio Supreme Court # 0041203)

8558 Morris Road

Hilliard, Ohio 43026

Email: donc0725@gmail.com – 614.790.0060

Counsel for the Plaintiff

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Apr 13 3:50 PM-22CV002321

## INSTRUCTIONS FOR SERVICE

Plaintiff requests the clerk of courts to serve this complaint on defendants at the address in the caption of the complaint.

Don H. Chapin, Esq.

# VERIFICATION OF COMPLAINT FOR INJUCTIVE RELIEF

I, Tina Moore, Plaintiff herein, state that the statements and allegations in the foregoing Complaint are true and accurate to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NAUGHT

_____
TINA MOORE

State of Ohio        )
                     ) ss
County of Franklin   )

This document was acknowledged before me on April 7, 2022.

_____
Signature of Notary

My commission expires: _____

# EXHIBIT B

# MARYELLEN O'SHAUGHNESSY

## FRANKLIN COUNTY CLERK OF COURTS
## GENERAL DIVISION, COURT OF COMMON PLEAS

### JULIE LYNCH

CASE TITLE: TINA MOORE -VS- NATIONWIDE CHILDRENS HOSPITAL     CASE NUMBER: 22CV002322

## CLERK'S ORIGINAL CASE SCHEDULE

|  | LATEST TIME OF OCCURRENCE |
|---|---|
| CASE FILED | 04/12/22 |
| INITIAL DISCLOSURES OF THE PARTIES [CIV. R. 26(B)(3)] | 06/07/22 |
| DISCOVERY CONFERENCE OF COUNSEL AND UNREPRESENTED PARTIES [CIV. R. 26(F)] | 08/09/22 |
| JOINT DISCOVERY PLAN TO BE FILED | 14 DAYS AFTER DISCOVERY CONFERENCE |
| CASE MANAGEMENT/PRETRIAL CONFERENCE WITH COURT | SET UPON REQUEST TO CHAMBERS |
| EXPERT WITNESS [CIV. R. 26(B)(7)] |  |
| DISCLOSE IDENTITY - PARTY WITH BURDEN | 09/06/22 |
| DISCLOSE IDENTITY - PARTY WITHOUT BURDEN | NO LATER THAN 30 DAYS AFTER OPPOSING DISCLOSURE |
| EXPERT REPORT & CV DUE - PARTY WITH BURDEN | 10/04/22 |
| EXPERT REPORT & CV DUE - PARTY WITHOUT BURDEN | NO LATER THAN 45 DAYS AFTER OPPOSING REPORTS |
| DISPOSITIVE MOTION DEADLINE | 12/06/22 |
| DISCOVERY CUTOFF DATE | 01/03/23 |
| FINAL PRETRIAL CONFERENCE | 04/03/23 0900AM |
| TRIAL ASSIGNMENT | 05/01/23 0900AM |

Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Apr 12 3:50 PM-22CV002325

**NOTICE TO ALL PARTIES**

Attorneys and unrepresented parties must become familiar with the 2020 amendments to the Ohio Rules of Civil Procedure and this court's Local Rules.

The Original Case Schedule is an important tool to assist the parties and the court in meeting case management guidelines in the Ohio Superintendence Rules, and otherwise achieving timely disposition of civil cases notwithstanding the priority given to criminal cases under Crim. R. 50.

Judicial Officers of this court may modify the Original Case Schedule following receipt of the parties' Joint Discovery Plan, or for good cause at any other point in the case. However, it is essential for attorneys and unrepresented parties to pursue their cases diligently from the outset. Deadlines set in the Rules and in this Original Case Schedule are normally binding, not merely aspirational.

# EXHIBIT C



**Maryellen O'Shaughnessy**
**Franklin County Clerk of Courts**

Home | Case Information Online | Court Schedule

Last Name: ____ First Name: ____ Middle Init: ____ Court: All ▾ | Case: 22 CV ▾ 002322 [Search]

+ Advanced Search ☐ Email Updates

## CIVIL CASE DETAIL

[Previous Case]                                           [Next Case]

| CASE NUMBER | TYPE of CASE | STATUS | DATE FILED |
|---|---|---|---|
| 22 CV 002322 | OTHER CIVIL | ACTIVE | 04/12/2022 |

| JUDGE | COURTROOM |
|---|---|
| JULIE LYNCH | COURTROOM 7E<br>345 SOUTH HIGH STREET<br>7TH FLOOR<br>COLUMBUS, OH 43215 |

### PLAINTIFF(S)

| Name | Attorney |
|---|---|
| ⊟TINA MOORE<br>208 HARKLE ROAD<br>PICKERINGTON, OH 43147 | DONALD H CHAPIN<br>6724 PERIMETER LOOP RD<br>UNIT 125<br>DUBLIN, OH 43017<br>(614) 799-0602 |

### DEFENDANT(S)

| Name | Attorney |
|---|---|
| ⊟NATIONWIDE CHILDRENS HOSPITAL<br>431 S 18TH STREET<br>COLUMBUS, OH 43205 | NO ATTORNEY ON RECORD |

### ⊟ CASE SCHEDULE

| Date | Description |
|---|---|
| 04/12/22 | CASE FILED |
| 06/07/22 | INITIAL DISCLOSURES OF THE PARTIES [CIV. R. 26(B)(3)] |
| 08/09/22 | DISCOVERY CONFERENCE OF COUNSEL AND UNREPRESENTED PARTIES [CIV. R. 26(F)] |
| 14 DAYS AFTER DISCOVERY CONFERENCE | JOINT DISCOVERY PLAN TO BE FILED |
| SET UPON REQUEST TO CHAMBERS | CASE MANAGEMENT/PRETRIAL CONFERENCE WITH COURT |
|  | EXPERT WITNESS [CIV. R. 26(B)(7)] |
| 09/06/22 | DISCLOSE IDENTITY - PARTY WITH BURDEN |
| NO LATER THAN 30 DAYS AFTER OPPOSING DISCLOSURE | DISCLOSE IDENTITY - PARTY WITHOUT BURDEN |
| 10/04/22 | EXPERT REPORT & CV DUE - PARTY WITH BURDEN |
| NO LATER THAN 45 DAYS AFTER OPPOSING REPORTS | EXPERT REPORT & CV DUE - PARTY WITHOUT BURDEN |
| 12/06/22 | DISPOSITIVE MOTION DEADLINE |
| 01/03/23 | DISCOVERY CUTOFF DATE |
| 04/03/23 | FINAL PRETRIAL CONFERENCE |
| 05/01/23 | TRIAL ASSIGNMENT |

### DOCKET   Show All Descriptions ☐        Select Docket Category  All ▾

| Date | Description | Image | Fiche | Frame | Pages |
|---|---|---|---|---|---|
| ⊟04/12/22 | APPLIED - LEGAL AID |  |  | 00 |  |
| AMOUNT - DEPOSIT: | 26.00 |  |  |  |  |
| HOW PAID IND: | CASH |  |  |  |  |
| INTRST BEARNG IND: | N |  |  |  |  |
| RECEIPT NUMBER: | 6445939 |  |  |  |  |
| PLNTIF/DEFNDT IND: | P |  |  |  |  |
| NAME: | TINA MOORE |  |  |  |  |
| ATTORNEY NAME: | DONALD H CHAPIN |  |  |  |  |
| ATTORNEY ADDRESS: | 6724 PERIMETER LOOP RD<br>UNIT 125<br>DUBLIN, OH 43017<br>(614) 799-0602 |  |  |  |  |
| ⊟04/12/22 | SECURITY DEPOSIT RECEIVED |  |  | 00 |  |
| AMOUNT - PAID: | 225.00 |  |  |  |  |
| HOW PAID IND: | CASH |  |  |  |  |
| RECEIPT NUMBER: | 6445939 |  |  |  |  |
| PLNTIF/DEFNDT IND: | P |  |  |  |  |
| NAME: | TINA MOORE |  |  |  |  |

| ATTORNEY NAME: | DONALD H CHAPIN |
| ATTORNEY ADDRESS: | 6724 PERIMETER LOOP RD |
| | UNIT 125 |
| | DUBLIN, OH 43017 |
| | (614) 799-0602 |

| ⊟04/12/22 | | APPLIED - E-FILING CHARGE | | 00 |
|---|---|---|---|---|
| AMOUNT - DEPOSIT: | 1.00 |
| HOW PAID IND: | CASH |
| INTRST BEARNG IND: | N |
| RECEIPT NUMBER: | 6445939 |
| PLNTIF/DEFNDT IND: | P |
| NAME: | TINA MOORE |
| ATTORNEY NAME: | DONALD H CHAPIN |
| ATTORNEY ADDRESS: | 6724 PERIMETER LOOP RD |
| | UNIT 125 |
| | DUBLIN, OH 43017 |
| | (614) 799-0602 |

| ⊟04/12/22 | | APPLIED - COURT COMPUTERIZATION | | 00 |
|---|---|---|---|---|
| AMOUNT - DEPOSIT: | 20.00 |
| HOW PAID IND: | CASH |
| INTRST BEARNG IND: | N |
| RECEIPT NUMBER: | 6445939 |
| PLNTIF/DEFNDT IND: | P |
| NAME: | TINA MOORE |
| ATTORNEY NAME: | DONALD H CHAPIN |
| ATTORNEY ADDRESS: | 6724 PERIMETER LOOP RD |
| | UNIT 125 |
| | DUBLIN, OH 43017 |
| | (614) 799-0602 |

| ⊟04/12/22 | | APPLIED - CLERK | | 00 |
|---|---|---|---|---|
| AMOUNT - DEPOSIT: | 25.00 |
| HOW PAID IND: | CASH |
| INTRST BEARNG IND: | N |
| RECEIPT NUMBER: | 6445939 |
| PLNTIF/DEFNDT IND: | P |
| NAME: | TINA MOORE |
| ATTORNEY NAME: | DONALD H CHAPIN |
| ATTORNEY ADDRESS: | 6724 PERIMETER LOOP RD |
| | UNIT 125 |
| | DUBLIN, OH 43017 |
| | (614) 799-0602 |

| ⊟04/12/22 | | APPLIED - DEPOSIT FOR COSTS | | 00 |
|---|---|---|---|---|
| AMOUNT - DEPOSIT: | 135.00 |
| HOW PAID IND: | CASH |
| INTRST BEARNG IND: | N |
| RECEIPT NUMBER: | 6445939 |
| PLNTIF/DEFNDT IND: | P |
| NAME: | TINA MOORE |
| ATTORNEY NAME: | DONALD H CHAPIN |
| ATTORNEY ADDRESS: | 6724 PERIMETER LOOP RD |
| | UNIT 125 |
| | DUBLIN, OH 43017 |
| | (614) 799-0602 |

| ⊟04/12/22 | | APPLIED - COMPUTERIZED RESEARCH LEGAL FEES | | 00 |
|---|---|---|---|---|
| AMOUNT - DEPOSIT: | 6.00 |
| HOW PAID IND: | CASH |
| INTRST BEARNG IND: | N |
| RECEIPT NUMBER: | 6445939 |
| PLNTIF/DEFNDT IND: | P |
| NAME: | TINA MOORE |
| ATTORNEY NAME: | DONALD H CHAPIN |
| ATTORNEY ADDRESS: | 6724 PERIMETER LOOP RD |
| | UNIT 125 |
| | DUBLIN, OH 43017 |
| | (614) 799-0602 |

| ⊟04/12/22 | | APPLIED - DAILY REPORTER | | 00 |
|---|---|---|---|---|
| AMOUNT - DEPOSIT: | 10.00 |
| HOW PAID IND: | CASH |
| INTRST BEARNG IND: | N |
| RECEIPT NUMBER: | 6445939 |
| PLNTIF/DEFNDT IND: | P |

| | | | | | | |
|---|---|---|---|---|---|---|
| NAME: | TINA MOORE | | | | | |
| ATTORNEY NAME: | DONALD H CHAPIN | | | | | |
| ATTORNEY ADDRESS: | 6724 PERIMETER LOOP RD<br>UNIT 125<br>DUBLIN, OH 43017<br>(614) 799-0602 | | | | | |
| 04/12/22 | APPLIED - SPECIALTY DOCKET FUND | | | | 00 | |
| AMOUNT - DEPOSIT: | 2.00 | | | | | |
| HOW PAID IND: | CASH | | | | | |
| INTRST BEARNG IND: | N | | | | | |
| RECEIPT NUMBER: | 6445939 | | | | | |
| PLNTIF/DEFNDT IND: | P | | | | | |
| NAME: | TINA MOORE | | | | | |
| ATTORNEY NAME: | DONALD H CHAPIN | | | | | |
| ATTORNEY ADDRESS: | 6724 PERIMETER LOOP RD<br>UNIT 125<br>DUBLIN, OH 43017<br>(614) 799-0602 | | | | | |
| 04/12/22 | AFFIDAVIT FILED | | | 0F878 | A72 | 4 |
| NO. OF DAYS: | 0000 | | | | | |
| NO. OF ALTERNATES: | 00 | | | | | |
| NO. OF JURORS: | 00 | | | | | |
| NAME: | TINA MOORE | | | | | |
| 04/12/22 | COMPLAINT FILED | | | 0F878 | A63 | 9 |
| 04/12/22 | REQUEST FOR SERVICE - CERTIFIED MAIL | | | 0F878 | A62 | 1 |
| NAME: | NATIONWIDE CHILDRENS HOSPITAL | | | | | |
| PLNTIF/DEFNDT IND: | D | | | | | |
| SERVICE ITEM DESC: | ORIGINAL SUMMONS/COMPLAINT | | | | | |
| ADDRESS: | 431 S 18TH STREET<br>COLUMBUS, OH 43205 | | | | | |
| ATTORNEY NAME: | DONALD H CHAPIN | | | | | |
| ATTORNEY ADDRESS: | 6724 PERIMETER LOOP RD<br>UNIT 125<br>DUBLIN, OH 43017<br>(614) 799-0602 | | | | | |
| NOTICE PRINT DATE: | 04/12/22 | | | | | |
| NOTICE MAIL DATE: | 04/12/22 | | | | | |
| 04/12/22 | APPEARANCE FILED | | | | | |
| NAME: | TINA MOORE | | | | | |
| PLNTIF/DEFNDT IND: | P | | | | | |
| ATTORNEY NAME: | DONALD H CHAPIN | | | | | |
| ATTORNEY ADDRESS: | 6724 PERIMETER LOOP RD<br>UNIT 125<br>DUBLIN, OH 43017<br>(614) 799-0602 | | | | | |
| 04/12/22 | CLERKS ORIGINAL CASE SCHEDULE FILED | | | 0F878 | A76 | 2 |
| 04/12/22 | JUDGE ASSIGNED - ORIGINAL | | | | | |
| JUDGE: | JULIE LYNCH | | | | | |
| 04/12/22 | HEARING/EVENT SCHEDULED | | | | | |
| DATE - COURTROOM: | 05/01/23 | | | | | |
| TIME - COURTROOM: | 09:00 AM | | | | | |
| COURTROOM LOCATN: | COURTROOM 7E<br>345 SOUTH HIGH STREET<br>7TH FLOOR<br>COLUMBUS, OH 43215 | | | | | |
| HEARING TYPE DESC: | TRIAL | | | | | |
| NOTICE REQ IND: | Y | | | | | |
| NOTICE MAIL DATE: | 03/02/23 | | | | | |
| 04/12/22 | HEARING/EVENT SCHEDULED | | | | | |
| DATE - COURTROOM: | 04/03/23 | | | | | |
| TIME - COURTROOM: | 09:00 AM | | | | | |
| COURTROOM LOCATN: | COURTROOM 7E<br>345 SOUTH HIGH STREET<br>7TH FLOOR<br>COLUMBUS, OH 43215 | | | | | |
| HEARING TYPE DESC: | FINAL PRE-TRIAL | | | | | |
| NOTICE REQ IND: | Y | | | | | |
| NOTICE MAIL DATE: | 02/02/23 | | | | | |