**IN THE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **TINA MOORE,** | : | |
| **Plaintiff,** | : | **CASE NO. 2:22-cv-01961-MWH-EPD** |
| | : | |
| **v.** | : | **DISTRICT JUDGE: MICHAEL H.** |
| | : | **WATSON** |
| **NATIONWIDE CHILDREN'S** | : | |
| **HOSPITAL,** | : | **MAGISTRATE JUDGE: ELIZABETH** |
| **Defendant.** | : | **PRESTON DEAVERS** |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND RESPONSE TO
PLAINTIFF'S MOTION TO WITHDRAW COMPLAINT**

Plaintiff Tina Moore filed her Complaint in Franklin County Court of Common Pleas on April 12, 2022 seeking relief in the form of an injunction based upon Plaintiff's allegations of religious discrimination in violation of state (R.C. Chapter 4112) and federal law (Title VII) against Defendant Nationwide Children's Hospital.  Plaintiff further alleged a violation of 2 U.S.C. § 1311.  After removing the action to this Court, Defendant filed a motion to dismiss the case with prejudice, because Plaintiff's claims fail as a matter of law for various reasons:

- The vaccination policy challenged by Plaintiff is required by Federal Law and said law has been upheld by the Supreme Court of the United States.   *See Biden v. Missouri*, 142 S. Ct. 647 (2022).

- Plaintiff failed to exhaust administrative remedies for her Title VII Claim.

- Plaintiff's claim under 2 U.S.C. §1311 is based on laws applicable only to Congress, and Plaintiff is not a covered employee of Congress under that law.

(ECF # 9).

A pre-trial conference was held in this matter on May 19, 2022, at which Plaintiff's counsel did not appear.  (ECF # 11).  Magistrate Judge Deavers issued an order advising Plaintiff that a response to the Motion to Dismiss was due on May 23, 2022 and "that failure to respond to the Motion to Dismiss could result in it being granted."  (ECF # 12.)

On May 20, 2022, Plaintiff filed a "Response to Defendant's Motion to Dismiss."  (ECF # 14.)  Plaintiff's response did not rebut or deny any of the arguments in support of Defendants' motion to dismiss.  Plaintiff only added an argument in support of dismissal, namely that Plaintiff believes her own case is now moot.  Plaintiff also moved the Court to withdraw Plaintiff's Complaint.  (ECF # 15.)  In the motion to withdraw, Plaintiff again argued her belief that her case is now moot.

Defendants have argued – without Plaintiff opposing – that Plaintiff never stated any claim upon which relief could be granted, and Plaintiff has now stated that no relief may be granted upon her claims.  Thus, whether through granting Defendant's motion to dismiss or Plaintiff's motion to withdraw, the Court should dismiss Plaintiff's Complaint with prejudice.  Defendant's motion to dismiss identifies multiple ways that Plaintiff's claims fail as a matter of law, including the fact that Plaintiff brought claims against Nationwide Children's Hospital that may only be brought against the United States Congress, and Plaintiff does not dispute Defendant's arguments.

In the alternative, Plaintiff's motion to withdraw, filed in the face of Defendant's Motion to Dismiss, claims that Plaintiff's complaint is no longer viable and has become moot.  When a plaintiff elects to move a court to dismiss her own complaint, any such motion falls under Civ.R. 41(a)(2), and a court may condition the dismissal upon the claims being dismissed with prejudice, upon proper notice to the parties.  *See* Fed. R. Civ. P. 41(a)(2); *Wellfount, Corp. v. Hennis Care Centre of Bolivar, Inc.*, 951 F.3d 769, 773 (6th Cir. 2020) (explaining that a plaintiff may elect to

"seek a court-ordered dismissal at any point after filing its complaint"); *United States v. One Tract of Real Property*, 95 F.3d 422, 425 (6th Cir. 1996) ("the last sentence of Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion to dismiss without prejudice").

Therefore, Defendants respectfully request that the Court dismiss Plaintiff's Complaint *with prejudice*.

Respectfully submitted,

*/s/ Daniel J. Clark*
Daniel J. Clark (0075125)
Daniel E. Shuey (0085398)
Charles E. Cohen (0101314)
VORYS SATER SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel. (614) 464-6436
Fax. (614) 719-4650
Email: djclark@vorys.com
        deshuey@vorys.com
        cecohen@vorys.com

*Counsel for Defendant's Nationwide Children's Hospital*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above was filed electronically on May 31, 2022.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Charles E. Cohen*
Charles E. Cohen